UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDY FONTENOT | CIVIL ACTION |
| VERSUS | NO:      09-5629 |
| AXXIS DRILLING, INC. | SECTION: "C" (4) |

## ORDER

Before the Court is a **Motion to Reconsider (R. Doc. 28)** filed by Defendant, Axxis Drilling, Inc. ("Axxis"), which requests that the Court reconsider its previous Order denying Axxis's **Motion for Leave to File Amended Answer (R. Doc. 22)** issued by the undersigned on November 17, 2010. (R Doc. 27.)  No opposition has been filed.  The motion was heard on the briefs on January 5, 2011.

## I.    Background

Fontenot was employed by Axxis as a seaman aboard the M/V Liberty.  (R. Doc. 1, ¶ II.) On June 9, 2009, Fontenot was injured while aboard the vessel, and sustained injuries to his lower back and other parts of his body.  (R. Doc. 1, ¶ V.)  Fontenot contends that his injuries were directly caused by negligence on behalf of Axxis.  (R Doc. 1, ¶ VI.)  He brings the underlying action pursuant to the Jones Act and General Maritime Law, and seeks to recover monetary damages for his injuries, in addition to punitive damages from Axxis.  (R. Doc. 1, ¶ X.)

Fontenot filed his Complaint on August 14, 2009, (R. Doc. 1) and Axxis filed their Answer

on November 11, 2009.  (R. Doc. 9.)  On October 30, 2009, the presiding Judge issued a Scheduling

Order (R. Doc. 8) which set the deadline for amendments for pleadings on December 29, 2009.  On

June 24, 2010, the Presiding Judge issued a revised Scheduling Order, which did not include an

extension for the deadline to amend pleadings.  (R. Doc. 15.)  The discovery deadline is January 31,

2011, and trial is set to commence on March 28, 2011.

On October 20, 2010, Axxis filed a Motion for Leave to an Amended Answer.  (R. Doc. 22.)

Axxis' motion sought to add three affirmative defenses.  Specifically, Axxis sought to add the

following affirmative defenses: (1) that Fontenot's injuries pre-dated his accident at issue in the

litigation; (2) that Plaintiff is not entitled to maintenance and cure because he willfully concealed

a pre-existing back injury from Axxis at the time of his hire; and (3) that Plaintiff is not entitled to

maintenance and cure because he was not injured while in the service of Axxis' vessel.  (R. Doc.

22-2, p. 2.)

The Court denied the motion on November 17, 2010, and noted that the motion was filed

after the deadline for amendments to pleadings.  The Court opined that, under the Federal Rules of

Civil Procedure, if the deadline for seeking leave to amend pleadings has expired, a court

considering the motion to amend must first determine whether to modify the Scheduling Order under

the good cause standard of Fed.R.Civ.P. 16(b)(4) before determining whether leave should be

granted under the liberal amendment standards of Fed.R.Civ.P. 15.  Axxis failed to address both

Fed.R.Civ.P. 15 and 16, and instead simply stated that they wished to amend their answer because

they became aware of their proposed affirmative defenses through discovery in the matter.  The

Court denied the motion based on Axxis' failure to provide any support for their motion.

As to the instant motion, Axxis seeks reconsideration of this Court's Order pursuant to Rule

59(e).  In their motion, Axxis contends that they have good cause for modifying the Scheduling

Order under Rule 16.

## II.    <u>Standard of Review</u>

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to

reconsider.  *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985).  However, the

Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to

Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at

which the motion is filed.  *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173

(5th Cir. 1990).  A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten

(10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that

time.  *Id*.

Rule 60(b) of the Federal Rules of Civil Procedure establishes that, upon motion, "the court

may relieve a party or a party's legal representative from a final judgment, order, or proceeding" in

six specific situations.  Fed.R.Civ.P. 60(b).  Rule 60(b)(6) grants a court the authority to relieve a

party from a judgment where there are justifiable reasons.  *Id*.  Rule 60(b)(3) motions must be made

"not more than one year after the judgment, order, or proceeding was entered or taken."  *Id*.

Fed. R. Civ. P. 60(b) sets forth the specific requirements to be met for relief from a judgment

as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's
> legal representative from a final judgment, order, or proceeding for the following
> reasons:
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence which by due diligence could not have been
>        discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud (whether heretofore denominated intrinsic or extrinsic),
>        misrepresentation, or other misconduct of an adverse party;

3

(4)    the judgment is void;
(5)    the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6)    any other reason justifying relief from the operation of the judgment.

The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990); *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S.D. Tex.1994). Although Rule 60(b) speaks in terms of judgment, courts use the same standard when reconsidering pre-trial non-dispositive motions, like the one at issue here. *Tomlinson v. Allstate Indem. Co.*, No. 06-0617, 2007 WL 430642 (E.D. La. Feb. 5, 2007).

The disposition of a motion under Fed. R. Civ. P. 60(b) is left to the sound discretion of the trial court. *Garcia v. Woman's Hospital of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996). The rule has its main application in cases in which the true merits of a case might never be considered because of technical error, fraud ,or concealment by the opposing party, or the court's inability to consider fresh evidence. *Swift Chemical Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1349-1350 (E.D. La. 1980) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977)). Weighing against the grant of a Rule 60(b) motion is the need to uphold the finality of judgments, especially when the claims urged are not meritorious, and to avoid injustice to the movant and the opposing party. *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993); *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980); *Swift Chemical Co.*, at 1350.

In *Edward H. Bohlin Co.*, the Fifth Circuit recognized several factors to be considered when addressing a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is

not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack. *Edward H. Bohlin Co.*, 6 F.3d at 356. To that end, Rule 60(b) "must be equitably and liberally applied to achieve substantial justice." *Blois*, 612 at 938; *see also*, *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965).

## III. <u>Analysis</u>

As a preliminary matter, the Court notes that while Axxis seeks reconsideration under Rule 59(e), their motion was filed more than ten (10) days after the issuance of this Court's Order.[1] Therefore, the proper standard in which to address the motion is under Rule 60(b). *See Lavespere*, 910 F2d. at 173.

In their Motion for Reconsideration, Axxis does not address the standard for reconsideration. Instead, Axxis provides arguments which they contend support a finding of good cause for modifying the presiding Judge's Scheduling Order. Specifically, Axxis contends that they received the Plaintiff's discovery responses and conducted a deposition of the Plaintiff after the deadline for amendments to pleadings had passed. (R. Doc. 28-1, p. 2.) Axxis contends that in Plaintiff's responses to written discovery, there was no indication that Plaintiff suffered a previous back injury. Further, during Plaintiff's deposition, he was questioned about previous back injuries. Plaintiff admitted that he had a previous back injury while he was employed by a company called Grey Wolf

---

[1]This Court's Order was issued on November 17, 2010. The instant motion was not filed until December 13, 2010, 26 days later.

Drilling.  Plaintiff mistakenly testified that he sustained the injury in 2000, when he was actually injured in 2003.  (R. Doc. 28-1, p. 2.)  This deposition occurred in March, 2010.

Axxis contends that after Plaintiff's deposition, they used his authorizations to obtain his medical records and employment records.  On April 12, 2010, Axxis made a request to Grey Wolf Drilling for Plaintiff's personnel file.  The file was not received by Axxis until June 2, 2010.  When the file was received, Axxis discovered that the Plaintiff was injured on June 30, 2003, and was treated for chronic back pain and low back injuries.  (R. Doc. 28-1, pp. 2-3.)  Axxis subsequently sent requests with medical authorizations to Dr. Leoni and Dr. Hargrave, in addition to Glenwood Medical, where the Plaintiff received his treatment.  Plaintiff's medical records were not received by Axxis until October, 2010, the month in which the motion for leave to amend their Answer was filed.  Interestingly, Axxis does not indicate the date they sent the request so it is not clear whether they were sent immediately or several months later.

Axxis contends that it was not until they received the Plaintiff's medical files that they became fully aware of their need to amend their answer to include affirmative defenses regarding the Plaintiff's prior back injuries.  They contend that they have not demonstrated a lack of diligence.

In their motion for reconsideration, Axxis also argues that they should be able to amend their Complaint because on November 17, 2010, they were informed that the Plaintiff's treating physician recommended that the Plaintiff undergo back surgery.[2]  (R. Doc. 28-1, p. 3.)  Axxis contends that, with this recommendation, they could move to continue the trial and request a new Scheduling Order

---

[2]Specifically, the Plaintiff's physician recommended that the Plaintiff undergo a transforaminal lumbar interbody fusion with application of instrumentation and posterior lateral fusion L4-5 and L5-S1.  (*See* R. Doc. 28-3, p. 1.)

that continues the date to file amended pleadings.[3]  (R. Doc. 28-1, p. 3.)  Axxis contends that they

have not done so because they "would like to keep the scheduling order and trial date."  (R. Doc.

28-1, p. 3.)  Axxis also contends that because the Plaintiff has not filed an opposition to the Motion

to Amend, the Court should reconsider its Order and permit Axxis to amend their Answer.

At the outset, it is important to note that Axxis does not meet any of the first five grounds

for relief set forth in Rule 60(b).  The only factor which Axxis could urge is ground six which

permits reconsideration for "any other reason that justifies relief."  Fed.R.Civ.P. 60(b)(6).  The

burden of establishing at least one of these reasons is on Axxis, and the determination of whether

that burden has been met rests within the discretion of the court.  *See Lavespere*, 910 F.2d at 173-74;

*Resolution Trust Corp.*, 846 F. Supp. at 1314.

The Court finds no reason here that would justify relief.  Axxis' motion was denied because

they failed to address the good cause standard in Rule 16, and failed to address the standard for

amending pleadings set forth in Rule 15.  Axxis has provided no explanation for this failure.  Here,

Axxis simply seeks to provide the reasons for their original motion, which they had the opportunity

to do when they first sought leave of the Court.

Furthermore, their present motion fails to address the standard for reconsideration.  As

mentioned above, Axxis moved for reconsideration under Rule 59(e), which is not applicable here.

Furthermore, Axxis did nothing more than assert that they were moving pursuant to Rule 59(e).

They provided no arguments or facts which support a motion for reconsideration under either Rule

59(e) or 60(b).  Instead, Axxis argued the standards for a Motion for Leave to Amend under Rules

15 and 16.

In addition, Axxis contends that the Court should reconsider its Order because they were

---

[3]The Court notes that a continuance of the trial date, and the issuance of a revised Scheduling Order, does not necessarily include a continuance of the deadline to amend pleadings.

diligent in seeking leave of the Court to amend their Answer.  The Court disagrees.

According to Axxis' submission, on March 31, 2010, they deposed the Plaintiff and discovered that he had previously injured his back.  Axxis chose not to amend their Answer upon learning this information.  Instead, they made a request to Plaintiff's former employer for Plaintiff's personnel file to investigate the nature of his injuries.  On June 2, 2010, Axxis received the Plaintiff's file which confirmed that the Plaintiff previously suffered a back injury.  The file also demonstrated that the Plaintiff was treated for chronic lower back pain and injuries.

Axxis states that they subsequently sent medical authorization forms to the Plaintiff's treating attorneys, although they do not state specifically when these forms were sent.  Axxis did not receive the Plaintiff's medical files until October, 2010.

Looking at the facts, Axxis became aware of the Plaintiff's pre-existing injuries in March 31, 2010.  Even if Axxis chose to wait until they had further confirmation of these injuries before seeking leave of the Court, Axxis received this confirmation on June 2, 2010, when they received the Plaintiff's personnel file.  Axxis chose not to seek leave of the Court both when they discovered the pre-existing injury, or when such injury was confirmed.  Axxis provides no reason for why they waited until they received further confirmation in October, 2010, to file the instant motion other than the fact that they received medical files which re-confirmed the Plaintiff's injuries.  Axxis merely contends that they waited until they "became fully aware of the need to amend [their] answer to allege affirmative defenses."  (R. Doc. 28-1, p. 3.)  However,  looking at their submissions, on March 31, 2010, and certainly no later than June 2, 2010, Axxis was aware that the Plaintiff's back was previously injured.  Axxis' decision to wait until October to file their motion does not demonstrate diligence and instead suggests undue delay.

Further, Axxis contends that the Court should reconsider its Order because the Plaintiff's doctor has suggested that he have surgery on his knee and because the Plaintiff does not oppose it.

However, the doctor did not make this suggestion until November, 2010, one month after the Motion to Amend was filed. Therefore, the doctor's recommendation that the Plaintiff have knee surgery is irrelevant to the Motion to Reconsider as it was not at issue when Axxis filed their Motion to Amend. Further, the Court notes that while the Plaintiff did not file a formal opposition, Axxis was not able to secure his consent to the motion. Under such a circumstance, the Court is required to analyze the matter in accordance with the rules.

Axxis' failure to address the applicable standards in both their Motion for Leave to Amend and the Motion for Reconsideration, coupled with Axxis' failure to promptly seek leave of the Court to Amend upon discovering Plaintiff's pre-existing back injury, does not provide any justification for this Court to provide relief. Therefore, the motion to reconsider is denied.

## IV.    <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that Axxis Drilling, Inc.'s **Motion to Reconsider (R. Doc. 28)** is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of January 2011

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**